**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK LEE SMITH, et al.,

        Plaintiffs,                            Case Number: 2:14-11601
                                                Hon. Laurie J. Michelson

v.

DANIEL HEYNS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND TRANSFER

Plaintiff Derrick Smith, a prisoner in the custody of the Michigan Department of Corrections, asserts that corrections officers Farber and Lemaire disrupted his visits with his fiancé because they are an interracial couple. Smith alleges that same-race couples were not restricted in the manner they were. Smith also names other defendants, but has not adequately pled how they personally engaged in wrongful conduct. And Smith has listed a number of individuals as plaintiffs but nothing indicates that these individuals agreed to be part of this lawsuit.

Smith's Complaint is before the Court for an initial screening under the Prison Litigation Reform Act. For the reasons that follow, the Court will dismiss without prejudice all individuals Smith has named as plaintiffs, and will dismiss without prejudice all Defendants save Lemaire and Farber. But because Smith, Lemaire, and Farber all reside in the Western District of Michigan, and the events that gave rise to this suit occurred there, the Court will transfer this case to that District.[1]

---

[1] The Court is aware that Smith has very recently filed a motion to amend. (Dkt. 9.) But the motion does nothing to alter this Court's venue analysis. (*See generally* Dkt. 9.)

**I.**

Smith's Complaint appears to allege four wrongs.

One involves Officer Lemaire and photos taken at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan, on February 17, 2014. (*See* Compl. at 4, 21, 56.) Smith says that other prisoners kissed their same-race spouses or friends during the photos, but when he and his fiancé—an interracial couple—engaged in a brief kiss, Defendant Lemaire "shocked and scared" them by yelling at them and telling them that they were not allowed to kiss during the photos. (Compl. at 21, 56.) The other couples were allegedly not interfered with. (Compl. at 21.)

Another involves a March 9, 2014 incident, also at Earnest C. Brooks, in which Defendant Farber allegedly required Smith to sit with his back against his chair and precluded Smith from leaning forward to play cards with his fiancé. (Compl. at 11-12.) Smith says that there were other couples in the visiting area, but he and his fiancé were the only interracial couple and he was the only prisoner required to sit in such a restrictive manner during visitation. (Compl. at 15-18.)

Smith also asserts that he is on a "priority 2" watch list, which requires him to sit very close to the officer station during visitation. (Compl. at 22.) Those not on the list can sit elsewhere in the visiting area. (*Id.* at 22-23; *see also id.* at 50-51.) According to Smith, he has been provided no explanation for his placement on the watch list and has never received a hearing to contest his inclusion. (*See* Compl. at 23, 55, 57.) Smith surmises that "there is only one reason" why he is on the list: he is in a relationship with someone of a different race. (*See* Compl. at 23.)

Finally, Smith says that the Michigan Department of Corrections' policy of prohibiting conjugal visits is unconstitutional. (Compl. at 58-61.) He points out that other states allow their prisoners to have such visits. (*Id.*)

## II.

### A.

Because Smith is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2) applies here. *See Moniz v. Hines*, 92 F. App'x 208, 210 (6th Cir. 2004). That statute requires a court to dismiss a cause of action "at any time" that the court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 12(b)(6) standards govern dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, under § 1915(e)(2)(B)(ii), a court must dismiss a claim that lacks factual content that would allow a court to reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Because Smith is pro se, the Court construes the Complaint he drafted liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.

Smith's Complaint lists himself and 15 others as plaintiffs. But only Smith signed the Complaint. There is no indication that any of the 15 other individuals wanted to be plaintiffs in this lawsuit or, for that matter, are even aware that they are listed as plaintiffs in this case. Indeed, none of these 15 individuals have sought to proceed *in forma pauperis* or paid any portion of the filing fee. *See Ward-El v. Heyns*, No. 13-13595, 2013 U.S. Dist. LEXIS 127233, at *3 (E.D. Mich. Sept. 6, 2013) (explaining that "although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs be divided equally between the plaintiffs."). And Smith, because he is not an attorney, cannot represent anyone but himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Berrios v. New*

*York City Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) ("Although [28 U.S.C.] § 1654 . . . recognizes that an individual generally has the right to proceed pro se with respect to his own claims or claims against him personally, the statute does not permit unlicensed laymen to represent anyone else other than themselves." (internal quotation marks and alteration omitted)); *cf. Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) ("Heard is an incarcerated pro se litigant without legal training who is representing himself and is not able adequately to represent the proposed class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("In this case, no representative party was available because pro se prisoners are not able to represent fairly the class.").

Given that there are no allegations that the 15 individuals Smith has listed as plaintiffs wanted to bring this suit, the Court will dismiss these 15 individuals' claims without prejudice.

## C.

Smith has not pled a claim for relief against Defendants Daniel Heyns, Carmen Palmer, Anthony Stewart, Craig Smith, Mary Berghuis, Daphne Johnson, Sherry Walton, or Shawn Brewer.

Smith says that he contacted these Defendants for a "declaratory ruling" related to the allegedly discriminatory seating arrangements during his visits. (*See* Compl. at 24.) In a section of his Complaint titled "Exhaustion of Legal Remedies" Smith says that "there is nothing further then the Office of Legal Affairs from the Director's Office that I could be given and also, the Defendant Daphne Johnson herself sent it to the facility and was not given a response by any of the Defendants, therefore, there is nothing that could be done as that the Defendants would have been the ones to answer the grievances and they did so within the declaratory ruling." (Compl. at 24.)

To the extent that Smith has sued Heyns, Palmer, Stewart, Smith, Berghuis, Johnson, Walton, and Brewer because they failed to respond to his requests or grievances, or because they wrongly

denied those complaints, Smith's suit would not state a claim for relief against these Defendants. *See Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("[D]efendants DeBruyn, King, and Naylor were involved solely by virtue of their denial of Alder's grievances. The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prisoner's claims against defendants whose only involvement was the denial of administrative remedies failed as a matter of law).

To the extent that Smith has sued these eight Defendants because they supervised individuals who engaged in the alleged discriminatory practices, Smith has not pled facts sufficient to show that these Defendants "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee*, 199 F.3d at 300 (internal quotation marks omitted); *Lynn v. City of Detroit*, 98 F. App'x 381, 385 (6th Cir. 2004) ("Stated differently, supervisory liability will attach if the defendants possessed information revealing a 'strong likelihood' of unconstitutional conduct by subordinate officers but did nothing to prevent the misconduct, thereby causing harm to the plaintiffs.").

Finally, to the extent that Heyns, as the Director of the Michigan Department of Corrections, is the proper defendant for Smith's claim that "the failure of he Michigan Department of Corrections to not allow conjugal visits to plaintiffs is clearly unconstitutional and constitutes [a] violation of the plaintiffs 1st 8th and 14th Amendment rights to visits," that claim nonetheless fails as a matter of law. *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits."); *Ali v. Tennessee Dep't of Corr.*, 168 F.3d 489 (6th Cir. 1998) ("The Constitution does not create any protected guarantee to conjugal visitation privileges while incarcerated."); *Bazzetta v. McGinnis*, 124 F.3d

774, 779 (6th Cir. 1997) ("A properly imposed ban on contact visits will survive claims of Due Process violation . . . . The same is true of the First Amendment right of association."), *supplemented*, 133 F.3d 382 (6th Cir. 1998).

Accordingly, the Court will dismiss Heyns, Palmer, Stewart, Smith, Berghuis, Johnson, Walton, and Brewer under § 1915(e) because Smith has not stated a claim against them upon which it is possible to grant relief.

**D.**

Although the Court does not finally conclude that Smith has pled a claim against Lemaire and Farber, at this very early stage of the case, and without any responsive pleading or motion from these two Defendants, the Court preliminarily finds that Smith has alleged enough facts to make it plausible that these two Defendants discriminated against Smith because of his race. *Cf. Gardenhire v. Schubert*, 205 F.3d 303, 320 (6th Cir. 2000) ("[J]ust as a police officer may not unevenly apply the laws against a citizen because of his race, neither may he apply the laws unevenly because a citizen is married to someone of a particular race."). As such, the Court will not sua sponte dismiss Lemaire or Farber.[2]

**E.**

But this Court will not adjudicate Smith's claims against Lemaire or Farber because another venue is more convenient for that task. Lemaire and Farber work at the Earnest C. Brooks Correctional Facility in Muskegon—a city located in the Western District of Michigan. And public officials such as Lemaire and Farber "reside" in the county where they perform their official duties.

---

[2]The Court has not separately evaluated Smith's legal theories against Lemaire and Farber; it suffices for service that, preliminarily, Smith has stated a claim under the Equal Protection Clause. The Court thus expresses no opinion as to the viability of Smith's other legal theories.

*See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Smith is currently a resident at Earnest C. Brooks. (*See* Dkt. 10 at 3.) The events that gave rise to Smith's claims against Lemaire and Farber occurred at Earnest C. Brooks. Thus, even if venue is proper here, for the convenience of the parties and witnesses, this Court will transfer this case to the Western District of Michigan. *See Jenkins v. Michigan Dep't of Corr.*, No. 1:13-cv-1306, 2014 WL 1764983, at *9 (W.D. Mich. May 2, 2014) (performing PLRA screening, dismissing several defendants, and then reasoning, "[t]here is one Defendant remaining in this action who may also reside in the Western District of Michigan . . . . Nevertheless, . . . [b]ecause all of the events giving rise to Plaintiff's claims occurred in the Eastern District, and because all of the remaining Defendants are public officials serving in the Eastern District, in the interest of justice and the convenience of the remaining parties, the Court will transfer this case to the Eastern District of Michigan . . . ."); *Brown v. Winters-Hall*, No. 1:11-cv-512, 2011 WL 2711145, at *4 (W.D. Mich. July 13, 2011) (performing PLRA screening and explaining "[t]hough this case was filed in the Western District of Michigan, it appears that the only party who currently resides in the Western District of Michigan is Defendant Szappan. Because Plaintiff fails to state a meritorious claim against Szappan, however, . . . the Court will dismiss the claims against Szappan, and will transfer the remainder of this action to the Eastern District of Michigan . . . .").

### III.

Plaintiff fails to state a claim upon which relief may be granted against Defendants Heyns, Palmer, Stewart, Smith, Berghuis, Johnson, Walton, and Brewer and they are **DISMISSED WITHOUT PREJUDICE**.

The individuals named in Smith's Complaint as plaintiffs—Nancy Patricia Vanloon, Holly

Marie Jones, Jannifer Cooke, Nichole Leigh Poole, Jack Craig, Terry Sue Craig, Jeremy Alan Craig, George Preston, Kathryn Preston, Krystle Preston, James Preston, Angela Dawn Doan, Treasa Miller, William Miller, and Eric Anthony Miller—are also **DISMISSED WITHOUT PREJUDICE**.

The United States District Court for the Western District of Michigan is a proper venue and more convenient forum for this action. Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. *See* 28 U.S.C. §§ 1391(b) and 1404(a).

**SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 17, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 17, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson