UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SMITH,

    Plaintiff,                        Hon. Janet T. Neff

v.                                              Case No. 1:14-cv-644

DANIEL HEYNS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #35). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter terminated.

## BACKGROUND

Plaintiff initiated this action on April 17, 2014, against ten individuals alleging various constitutional violations. (Dkt. #1). On June 17, 2014, the Honorable Laurie J. Michelson dismissed Plaintiff's complaint save his equal protection claims asserted against Defendants Matthew Farber and Matthew Lemaire. (Dkt. #11). Judge Michelson also ordered that the matter be transferred to this Court. (Dkt. #11-12). Plaintiff was later granted leave by this Court to amend his complaint. (Dkt. #14). Plaintiff's amended complaint contains a great many allegations, asserted against nobody in particular, that do not concern or implicate Defendants Farber or Lemaire. In fact, Plaintiff's amended complaint

contains absolutely no factual allegations against Defendant Lemaire. With respect to Defendant Farber, Plaintiff alleges the following.

As of March 9, 2014, Plaintiff was designated a "priority 2 level prisoner" which subjected him to closer scrutiny during visits with non-prisoners. Plaintiff does not identify who made this designation. On March 9, 2014, Nancy Vanloon, who is white, visited Plaintiff, who is black. The pair was instructed to sit in "the seats directly in front of the officer's podium." Several hours later, Defendant Farber began his work shift and subsequently instructed Plaintiff to "sit with your back in the chair and no turning around at all." Farber gave this instruction because he had previously witnessed Plaintiff sitting in his chair in a manner that prevented Farber from determining whether Vanloon was passing contraband to Plaintiff. Defendant Farber instructed Plaintiff that if he did not comply with his instructions his visit would be terminated. Plaintiff asserts that Farber subjected him to racially based discrimination in violation of his rights under the Equal Protection clause. Specifically, Plaintiff alleges that Farber subjected him to harassment because Farber is prejudiced against interracial couples. Defendants Farber and Lemaire now move to dismiss Plaintiff's claims on the ground that he has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to Defendants' motion.

## ANALYSIS

**I.        Failure to State a Claim**

Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). To avoid dismissal for failure to state a claim, Plaintiff must allege in his

complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 556 U.S. at 678; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").  Because Plaintiff has failed to allege in his amended complaint that Defendant Lemaire engaged in any active unlawful behavior, the

undersigned recommends that Plaintiff's claim against Lemaire be dismissed for failure to state a claim on which relief may be granted.

As for Plaintiff's claim against Defendant Farber, the Court reaches the same conclusion. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The "threshold element of an equal protection claim is disparate treatment." *Id.* Plaintiff's claim fails for two reasons.

First, Plaintiff has not properly alleged that he was subjected to disparate treatment. Michigan Department of Correction Policy provides that "[p]risoners and visitors shall be closely monitored at all times to ensure that contraband is not passed and that inappropriate behavior does not occur." Michigan Department of Corrections Policy Directive 05.03.140 ¶ AA (effective November 1, 2013). This policy further provides that such monitoring "may include assigning a prisoner a seat or table in the area closest to the officer's station to permit continuous monitoring if the prisoner presents a special concern. . ." *Id.* It is beyond dispute that prison officials can enact reasonable rules which restrict or limit prison visitation. *See, e.g., Overton v. Bazzetta*, 539 U.S. 126, 128-37 (2003). Plaintiff is presently serving sentences for eight convictions - two counts of kidnapping and six counts of first degree criminal sexual conduct. *See* Michigan Department of Corrections, Derrick Lee Smith, available at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=267009 (last visited on July 14, 2015). Plaintiff was also previously imprisoned for two convictions of third degree criminal sexual

conduct. *Id.* Given Plaintiff's criminal history, it was not unreasonable for prison officials to subject Plaintiff to close monitoring during his visits with non-prisoners. Plaintiff has not alleged that during the visit in question he was treated differently than any other prisoner who was properly subject to such scrutiny. Thus, Plaintiff's allegations fail to state a claim.

Furthermore, even if the Court assumes that Plaintiff has sufficiently alleged disparate treatment, his claim is nevertheless subject to dismissal. Plaintiff alleges that Defendant Farber instructed him to sit in his chair a certain way and conduct his visit so that prison officials could ensure that contraband was not being transmitted. Not every perceived slight or injury, however, will suffice to sustain an equal protection claim. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned"); *Browner v. Maynard*, 1998 WL 211797 at *1 (6th Cir., Apr. 24, 1998) (plaintiff's equal protection claim properly dismissed because allegations of "mere harassment" constitute a de minimis injury which does not violate the constitution). Plaintiff's allegations against Defendant Farber constitute, at most, nothing more than harassment insufficient to state an equal protection claim.

In sum, for the reasons articulated herein, the undersigned recommends that Plaintiff's allegations against Defendants Lemaire and Farber be dismissed for failure to state a claim on which relief may be granted.

**II.     Exhaustion**

In the alternative, the undersigned recommends that Plaintiff's claims against Defendants Lemaire and Farber be dismissed for failure to properly exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Defendants have submitted evidence establishing that Plaintiff failed to pursue through all three steps of the prison grievance process any claim regarding the events giving rise to the present action. (Dkt. #36, Exhibit 2). Plaintiff has failed to respond to the present motion and, therefore, has failed to present any evidence to the contrary. As Defendants have satisfied their burden, the undersigned recommends, in the alternative, that Plaintiff's claims against Defendants Lemaire and Farber be dismissed for failure to properly exhaust administrative remedies.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #35), be **granted** and this matter terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 31, 2015                                /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 United States Magistrate Judge