UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

    Plaintiff,

v

UNKNOWN LEMAIRE et al.,

    Defendants.
_____/

Case No. 1:14-cv-644

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegations that Defendants violated Plaintiff's civil rights by harassing him during two visitations with his girlfriend in February and March of 2014 based on their prejudice against interracial couples. Defendants filed a motion for summary judgment, arguing that Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies (Dkt 36 at 7). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted and this matter terminated (Dkt 47 at 7). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 49; Dkt 51). Plaintiff has also filed a series of motions (Dkt 43; Dkt 45; Dkt 52; Dkt 53). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

### I. Exhaustion

Plaintiff argues that the Magistrate Judge erred in granting Defendants' motion for summary judgment (Pet'r Obj., Dkt 51 at 9-10). First, Plaintiff contends that he attempted to exhaust his administrative remedies, but he was thwarted from doing so by the prison staff (*id.* at 9; Dkt 43; Dkt 44 at 1). In his motion for leave to file documents, Plaintiff asserts that he was unable to "send a step II or step III grievance" because the staff "charged with filing and processing the grievances never at any time filed the paper work [Plaintiff] submitted properly and even lied and said that the grievances were untimely" although they were not (Dkt 44 at 1). Second, Plaintiff asserts that he never received a copy of the Defendants' motion for summary judgment (Pet'r Obj., Dkt 51 at 1; Dkt 52 at 1; Dkt 53 at 1). This Court cannot determine from the current record whether the grievances were timely filed or Plaintiff is properly excused from the exhaustion requirements; but, as explained below, it is immaterial because the disposition does not hinge on the issue of exhaustion. As a result, Plaintiff's objection is denied as moot, as is Defendants' motion for summary judgment on the ground of exhaustion. In addition, Plaintiff's motions for leave to file supporting documents (Dkt 44; Dkt 52), and his motion to stay proceedings (Dkt 53), all of which pertain to exhaustion, are denied as moot as well.

### II. Failure to State a Claim

Plaintiff objects to the Magistrate Judge's conclusion that his allegations against Defendants should be dismissed for failure to state a claim upon which relief may be granted (Pet'r Obj., Dkt 51 at 3; R & R, Dkt 47 at 5). As an initial matter, the factual allegations against Defendant Lemaire consist of claims that are substantially similar to the claims against Defendant Farber. As a result, the claims against both Defendants will be analyzed together.

First, Plaintiff asserts that the Magistrate Judge failed to consider that discrimination is prohibited pursuant to Michigan Department of Correction's policies (Pet'r Obj., Dkt 51 at 7). Next, Plaintiff states that it was improper for the Magistrate Judge to consider Plaintiff's criminal history while analyzing his Equal Protection claims (*id.* at 8). Finally, Plaintiff alleges that he was treated differently on the basis of his race on the two occasions at issue (*id.* at 8). However, even if this Court accepts all of Plaintiff's factual allegations as true, the Magistrate Judge properly concluded that Plaintiff failed to state a claim upon which relief may be granted. As the Magistrate Judge accurately stated, "Plaintiff's allegations against [Defendants] constitute, at most, nothing more than harassment insufficient to state an equal protection claim" (R & R, Dkt 47 at 5). *See Browner v. Maynard*, No. 97-3901, 1998 WL 211797, at *1 (6th Cir. Apr. 24, 1998) (stating that plaintiff's equal protection claim was properly dismissed because allegations of "mere harassment" constitute a *de minimis* injury which does not violate the constitution).

### III. Motion to Reopen Case or to Allow Proceedings to Continue

On July 20, 2015, before the Report and Recommendation was issued, Plaintiff filed a motion to reopen the case or allow proceedings to continue to trial since he has purportedly overcome the impediment of the lack of exhaustion (Dkt 45). However, as discussed above, Plaintiff has failed to state a claim upon which relief can be granted. As a result, Plaintiff's motion is denied.

### IV. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore*

*v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 49; Dkt 51) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 47) is APPROVED and ADOPTED as the Opinion of the Court except as discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's case is dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Dkt 43; Dkt 45; Dkt 52; Dkt 53) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 35) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: October 16, 2015

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge